## Matlock's Administrator *v.* Nave.

28 35!
d164 136

EXPRESS TRUST.—An express trust in lands cannot be created by parol.
RESULTING TRUST.—DECEDENTS' ESTATES.—An administrator cannot maintain an action to enforce a resulting trust in lands, unless it is shown that the lands, when recovered, will be needed to pay debts.

APPEAL from the *Hendricks* Circuit Court.

FRAZER, J.—This was a suit by the appellant against the appellee and the heirs at law of the intestate. There were two paragraphs in the complaint, to each of which a demurrer was sustained, and error is assigned upon those rulings.

The first paragraph of the complaint is so obviously bad that we do not think any useful purpose would be accomplished by dwelling upon it in this opinion. It seeks to establish that *Nave* holds certain lands as trustee of an express trust, for the intestate, with a view to obtaining authority to sell the lands, by the administrator, to pay debts. The trust alleged was created by parol. The court below was clearly right in its ruling upon the demurrer to this paragraph. 1 G. & H., § 3, p. 351; *id.* § 1, p. 651.

The second paragraph possibly shows sufficient facts to charge *Nave* as a trustee by implication of law, but it utterly fails to aver any fact which would enable the administrator to maintain the suit. It does not show any necessity for selling real estate to pay the intestate's debts. Indeed, the paragraph seems to have been framed merely with a view to compel the trustee to convey the property to the heirs at law of the intestate; at least that is the only relief that could be given under the facts alleged. But the administrator cannot maintain a suit for that purpose, the heirs being the only parties who can do so.

The judgment is affirmed, with costs.

*J. L. Ketcham, J. L. Mitchell* and *L. M. Campbell*, for appellant.

*Gordon, Miles* and *Gregg*, for appellee.