Hogan *et al. v.* Robinson.

## No. 11,106.

## HOGAN ET AL. *v.* ROBINSON.

PARTIES.—*Appeal.*—It is only parties affected by the judgment who are required by statute to be made parties to an appeal to the Supreme Court.

STATUTE OF LIMITATIONS.—*Demurrer.*—*Pleading.*—*Practice.*—The statute of limitations is not available on demurrer to a complaint, unless it directly appears by the complaint that the case is not within any of the exceptions to the statute.

FRAUDULENT CONVEYANCE.—*Complaint.*—For a good complaint by a creditor, to set aside a conveyance of his debtor made to defraud creditors, see opinion.

SAME.—*Evidence.*—*Declarations.*—In such case declarations of the debtor made after the conveyance were proper evidence to show his intent.

SAME.—*Husband and Wife.*—A conveyance to a wife for full value in payment of money borrowed from her, without notice of any fraudulent intent, is good as against other creditors.

SAME.—*Burden of Proof.*—A conveyance can not be impeached for fraud by creditors, if the debtor retain ample property, in his own name, subject to execution, to satisfy all his debts, and upon this subject the burden of proof is on the creditor who attacks the conveyance.

From the Clark Circuit Court.

*J. K. Marsh* and *D. C. Anthony*, for appellants.
*J. H. Stotsenburg* and *M. C. Hester*, for appellee.

COLERICK, C.—This action was brought by the appellee and others against the appellants, to set aside, as fraudulent, certain deeds of conveyance. The complaint, in substance, averred that the appellant Harrison Hogan was, on the 14th day of October, 1875, the owner of certain real estate, describing it, and being indebted to the appellee in the sum of $100, and to other persons in sums mentioned, did, on said day, for the purpose of hindering, delaying and defrauding his creditors, execute, with his wife Mary Hogan, one of the appellants, a deed of conveyance for said real estate to the appellant Marsh, who afterwards, on the 20th day of October, 1875, for the purpose of aiding said Harrison Hogan in accomplishing his said fraudulent purpose, and at his instance and request, conveyed said real estate to said Mary Hogan; that although said deeds purported to be made in consideration of the sum of $6,000, they were, in fact, wholly voluntary, and made without any valuable consideration, and that at the time of their execution the grantees had full knowledge of the fraudulent intent and purpose of Harrison Hogan; that said Hogan, at the time of the execution of the deed to Marsh, "had no other property subject to execution out of which his then existing indebtedness could be made, nor has he since acquired, nor has he now, such other property, subject to execution, out of which his said indebtedness can be made;" that on the 19th day of April, 1880, a judgment was rendered against him in favor of the appellee in the Clark Circuit Court for $100, "due said Robinson as aforesaid," and that other judgments, naming the parties in whose favor they existed and the dates and amounts thereof, were rendered against him, all of which judgments were in full force and unpaid. Wherefore the plaintiffs prayed that said deeds be set aside as fraudulent, and said real estate sold to pay said judgments in the order of their priority, and other relief. To this com-

plaint the appellants filed an answer of general denial. The case was tried by a jury, and resulted in a verdict in favor of the appellee. A motion for a new trial was made and over-ruled, and from the judgment which was rendered on the verdict the appellants appealed, and assign as errors for its reversal:

1. That the complaint does not state facts sufficient to con-stitute a cause of action against them, or either of them.

2. That the court erred in overruling the motion for a new trial.

Before considering the questions presented by the appel-lants it is necessary to dispose of a motion which has been interposed by the appellee to dismiss the appeal, for the reason that David F. McGill and Thomas G. Thuman, who united with the appellee in bringing the action, were not made parties to the appeal, and have not been notified thereof. The record shows that Chapin Hall, Charles Eddy, David F. McGill and Thomas G. Thuman joined with the ap-pellee in commencing this action, and also shows that after-wards the action was dismissed as to Hall and Eddy, on their own motion. McGill and Thuman introduced no evidence on the trial, and for some cause, not explained in the record, abandoned the prosecution of the action, although no formal entry of dismissal as to them was made. During and after the trial the appellee was treated as the sole plaintiff in the action. The judgment against the appellants was rendered in favor of the appellee alone. McGill and Thuman were not parties to the judgment, and, therefore, are not necessary parties to the appeal, which is from a judgment that does not, and can not, affect them in any possible manner. *Hammon* v. *Sexton,* 69 Ind. 37 ; *Easter* v. *Severin,* 78 Ind. 540. The case of *Hunderlock* v. *Dundee Mortgage, etc., Co.,* 88 Ind. 139, cited by the appellee in support of his motion, is in har-mony with the cases above cited. It holds, as in the cases cited, that all the parties to, and affected by, the *judgment* must be made parties to the appeal. The word " parties," as

used in the statute relating to appeals to this .court, is to be construed as meaning parties to the judgment, and not merely parties to the action.    The appellee's motion to dismiss the appeal is overruled.

No demurrer to the complaint was filed in the court below, nor was a motion in arrest of judgment made.    The sufficiency of the complaint is questioned for the first time in this court.    The objections now presented to it by the appellants are: *First.* That it appears on the face of the complaint that the cause of action therein set forth was barred at the time of the commencement of the suit; *Second.* That the complaint does not aver that Harrison Hogan was insolvent at the time of the execution of the deed by Marsh to Mary Hogan, nor allege that he was at that time indebted to any person.

The question of the statute of limitations may be raised by demurrer, where the complaint shows, on its face, that the action is commenced after the time limited, and that none of the exceptions provided in the statute in that class of cases exist.    See Works Pr., section 306, and the decisions of this court there cited.

This action was commenced on the 16th day of March, 1882, being more than six years after the execution of the deeds of the conveyance, for the setting aside of which, as fraudulent, the action was brought.    The statute of limitations provides that actions " for relief against frauds " shall be commenced within six years after the cause of action has accrued, and not afterwards.    R. S. 1881, section 292. .But many exceptions are made in the statute, the existence of any one of which will take the case out of its operation.    In *Potter* v. *Smith*, 36 Ind. 231, it was said that " The statute contains various exceptions, as the disability of the plaintiff, non-residence of the defendant, etc.; and where such is the case, it is the settled rule that the statute, if relied upon, must be pleaded, unless, indeed, the complaint shows affirmatively that the plaintiff is barred, notwithstanding

the exceptions. The reason is, that the case may be within some of the exceptions, and the plaintiff is not bound to anticipate the defence of the statute and show his case to be within the exception without knowing that such defence will be made. Upon the statute being pleaded, he may reply the exception." See, to the same effect, *Harlen* v. *Watson,* 63 Ind. 143; *McCallam* v. *Pleasants,* 67 Ind. 542; *Harper* v. *Terry,* 70 Ind. 264; *Dunn* v. *Tousey,* 80 Ind. 288; *Wilson* v. *Ensworth,* 85 Ind. 399; *Cravens* v. *Duncan,* 55 Ind. 347; *Kent* v. *Parks,* 67 Ind. 53; *Lucas* v. *Labertue,* 88 Ind. 277.

While the better practice is to require the statute to be pleaded in all cases, still the exception, to which we have referred, under our practice exists, but, in order to make it available, it must clearly and explicitly appear on the face of the complaint, that none of the exceptions named in the statute exist. The non-existence of all the exceptions does not appear on the face of the complaint in this action; the exclusion or absence of any of them only appears inferentially. We think that the question is not presented by the complaint in such manner as to be of any avail to the appellant.

The allegation in the complaint as to the insolvency of Harrison Hogan at the time the last deed was executed is sufficient. It is averred that at the time of the execution of the first deed he " had no other property, subject to execution, out of which his said then existing indebtedness could be made, nor has he since acquired, nor has he now, such other property, subject to execution, out of which his said indebtedness can be made." This allegation covers the time when said deed from Marsh to Mary Hogan was made, which was five days after the execution of the deed to Marsh. It also appears by the complaint that on the 15th day of October, 1875, when the deed to Marsh was executed, Hogan was indebted to the appellant Robinson in the sum of $100, for which indebtedness judgment was afterwards, on the 19th day of April, 1880, rendered against him for said sum. This shows a continuous indebtedness in favor of Robinson from the time of

the execution of the deed to Marsh until, and after, the rendition of said judgment, embracing the time that the deed from Marsh to Mary Hogan was made. The complaint was sufficient.

Did the court err in overruling the motion for a new trial? The causes assigned in support of the motion were:

1. That the verdict was not sustained by sufficient evidence, and was contrary to law.

2. That the court erred in permitting the appellees to prove by George Wood that Harrison Hogan, in 1877, sold certain personal property to the witness, without any consideration therefor, and that he sold it to Hogan's son, and that said Hogan owned no personal property from 1877 to 1880, inclusive.

3. That the court erred in permitting the appellants to introduce in evidence the tax-duplicates of Clark county from 1875 to 1882, inclusive, to show what personal property Harrison Hogan owned in those years.

4. That the court erred in permitting the appellants to prove by Jacob Robinson and other witnesses the declarations and statements of Harrison Hogan made after the execution of the deed in controversy, as to his purpose in making the same.

The rule of this court, so often proclaimed, declaring that a verdict will not be disturbed where the evidence tends to support it, does not embrace a case where a verdict has been rendered in favor of the plaintiff in an action, and the record shows an entire absence of evidence supporting, or tending to support, some material and indispensable fact necessary to be proved by him to justify the rendition of a verdict in his favor. The material facts averred in the complaint in this action, and which the appellees were required to prove to entitle them to recover, were:

*First.* That the deeds of conveyance in the complaint mentioned were executed to hinder, delay or defraud the creditors of Harrison Hogan.

*Second.* That they were executed without any valuable consideration therefor, or, if executed for a valuable consideration, that the grantees, at the time of their execution, were aware of the fraudulent intent of Hogan.

*Third.* That at the time of the execution of said deeds, and the commencement of this action, Hogan did not own sufficient other property, subject to execution, to pay his debts.

We have carefully examined all the evidence in the record, and find that Harrison Hogan, at the time of the execution of the deeds, was indebted to his wife Mary Hogan in the sum of $3,000, for money loaned to him by her, and that the real estate conveyed to her by Marsh, who merely acted as the medium through whom the legal title of Harrison Hogan thereto was transmitted to her, was of the value of about $6,000, but was then incumbered by mortgages amounting in all to about $3,000, and that said real estate was conveyed subject to said liens, which constituted a part of the consideration for said conveyance, and that it was conveyed to her in the manner stated to satisfy her debt, which, in amount, was not less than the value of said real estate so incumbered. These facts were not disputed or controverted on the trial. The evidence in the record as to the purpose of Harrison Hogan in causing said real estate to be conveyed to his wife is conflicting, but there is no evidence showing, or tending to show, that she was aware of any fraudulent intent on his part, or that he was indebted to others at the time. It has been decided by this court that if a wife is a creditor of her husband, he has a right to prefer her to other creditors, by giving her money or property at a fair price in discharge and payment of her claim, and that although the controlling motive inducing him to do so is to place the property beyond the reach of his other creditors, yet, if the wife is ignorant of such purpose on his part, and does not participate therein, and especially if she does not know that he is indebted to others, she must be regarded as an innocent purchaser for a valuable consideration.   *Brookville Nat'l Bank* v. *Kimble,* 76 Ind. 195.

It is also conclusively shown by the evidence, that at the time of the execution of said deeds of conveyance Harrison Hogan owned other property, subject to execution, amply sufficient to pay all his debts. He then owned three other tracts of land and two town lots, of the aggregate value of about $3,000, upon which mortgages, amounting in all to about $1,500, existed, and also then owned unincumbered personal property worth not less than $2,000. The estimates of the value of the personal property, as given by witnesses on both sides, varied, but no witness, on either side, fixed its value at less than $1,500. The appellee's own witnesses estimated its value at from $2,000 to $5,000. No evidence was introduced showing that Harrison Hogan was, at the time of the execution of said conveyances, indebted to any person other that the appellant, whose debt only amounted to about $100, and persons whose claims were amply secured by mortgages. In *Pennington* v. *Flock*, 93 Ind. 378, it was held that one who retains sufficient property to pay his debts may do as he pleases with the residue of his property; he may, if he chooses, give it away, and his creditors have no ground of complaint as long as he keeps in his own name sufficient property subject to execution to pay their debts, and one who attacks a conveyance on the ground of fraud must prove the insolvency of the grantor.

The evidence was clearly insufficient to sustain the verdict. The motion for a new trial, for that reason, ought to have been sustained by the court, and error was committed in overruling it.

In view of the conclusions which we have reached, it is unnecessary to consider the sufficiency of the other reasons assigned for a new trial. We think, however, that no error was committed in permitting the evidence therein mentioned to be introduced. It may not have been competent evidence against Mary Hogan, but it was against Harrison Hogan, for the purpose of showing or tending to show his intent in caus-

ing said real estate to be conveyed to his wife, and his financial condition after the execution of the deeds of conveyance. *Bruker* v. *Kelsey*, 72 Ind. 51.

PER CURIAM.—The judgment of the court below is reversed, at the costs of the appellee, with instructions to the court to grant the motion for a new trial, and for further proceedings in accordance with this opinion.

Filed March 12, 1884.