Filed March 15, 1895.

———————◆———————

No. 16,991.

GABLE ET AL. *v.* THE COLUMBUS CIGAR COMPANY.

FRAUDULENT CONVEYANCE.—*When May Be Set Aside.—Motive.—Consideration.*—If a deed is made and accepted for the fraudulent purpose of cheating, hindering, or delaying creditors, it may be overthrown, no matter what may have been the consideration paid therefor, or how pure the motive that induced it.

SAME.—*When May Be Set Aside as to Subsequent and Existing Creditors.* —A deed may be set aside as fraudulent as to existing and subsequent creditors, where the grantor, on account of his peculiar condition, or the business in which he is about to engage, or in anticipation that he will or may incur debts which he may not wish to pay, or be compelled to pay, conveys his property, or causes it to be conveyed, for the purpose of preventing it from becoming subject to the payment of his debts, and the person receiving the conveyance has knowledge of, or participates in, the purpose for which it was made.

SAME.—*Presumption of Fraud.—Amount of Debt.—Of Property.*—Presumption of fraud does not depend on the amount of the debt, or the extent of the property, or the circumstances of the party.

SAME.—*Husband and Wife.—Chattel Mortgage.—Consideration.—Gift.* —Where a husband executed a chattel mortgage to his wife to secure a loan made to him by her, and the finding of the court shows that most of the money thus loaned was money which he had let her have for housekeeping purposes and which she kept and secreted without his knowledge, the transaction was a gift, pure and simple, and the mortgage was fraudulent as to creditors.

SAME.—*Burden of Proof.—Good Faith.—Consideration.*—In such case, the burden is upon the wife to establish the good faith of the purchase, and it must be shown by clear and satisfactory evidence that

it was for a valuable consideration paid by her out of her separate estate, or by some other person for her.

From the Bartholomew Circuit Court.

*G. W. Cooper, C. B. Cooper, W. L. Cox* and *J. F. Cox,* for appellants.

*M. D. Emig,* for appellee.

DAILEY, J.—This was an action in the court below by the appellee against the appellants, in two paragraphs of complaint, to set aside a deed of conveyance made by Joseph H. Gable to his wife, Malinda A. Gable. The complaint also shows that the husband made a chattel mortgage to his wife to secure $1,000 upon his saloon and fixtures, which deed and mortgage embraced all of his property of every description, and all were executed in pursuance of a design by appellants to defraud the appellee.

One paragraph proceeds upon the theory that the deed and mortgage were without any consideration, and were made to hinder, delay and defraud appellee and other creditors; and the other, upon the ground that the deed and mortgage were made without any adequate consideration and pursuant to a mutual intention and combination of appellants to cheat, hinder, delay and defraud his existing and subsequent creditors. The chattel mortgage was made under the pretense of securing to the wife the sum of $1,000, and before this cause was tried the record shows that she took possession of the saloon and fixtures under this transfer, leaving nothing accessible to the creditors but the real estate, the deed to which was sought to be set aside.

The cause was tried without the intervention of a jury. On the request of the appellants the court made a special finding of facts and stated its conclusions of law thereon:

1. That said deed was fraudulent and void as to existing and subsequent creditors.

2. That the real estate described in said deed is subject to the plaintiff's judgments, and may be sold subject to the wife's inchoate right to satisfy the same.

To these conclusions of law, the appellants, at the time, excepted, and present this appeal.

The special finding clearly discloses that the appellee was an existing creditor to the amount of $135.10, at the time of the execution of the deed and mortgage. It is shown that appellant, Joseph H. Gable, paid for the real estate in controversy $3,300, and put improvements thereon, which enhanced the value of the property to $4,300, and the only consideration claimed to have been given for the conveyance was the satisfaction of a pretended debt of $1,600. $99.70 of the plaintiff's claim was created after the deed and mortgage were executed, but no portion of the debt matured until after the transfers were made. Immediately after the deed was made, Joseph H. Gable began to purchase of divers persons to fill his saloon with goods on credit, and then gave his wife a chattel mortgage on all that was therein, leaving his debts unpaid. He began the saloon business on the 11th of October, 1890; the deed was made on the 15th day of October, 1890; on the 15th of December, 1890, he executed the chattel mortgage on all his personal property to his wife to secure a pretended sum of $1,000, and in less than a month thereafter she closed out the saloon and sold it for $1,000 and the business ceased.

In the consideration of the question now before us, it will be borne in mind that appellants, by excepting to the special conclusions of law drawn by the court from the facts found, admit that the facts in the case are fully and correctly found. *State, ex rel.,* v. *Vogel,* 117 Ind. 188 (192).

The court found, as stated, that there was a mutual intention and design on the part of the appellants, as husband and wife, to cheat, hinder, delay and defraud the appellee and other creditors existing and subsequent. A careful review of the evidence convinces us of the correctness of this finding.

Appellee being an existing creditor at the time of the execution of the deed and mortgage, section 4920, R. S. 1881 (Burns R. S. 1894, section 6645), makes all such transactions void as to the persons sought to be defrauded. If a deed is made and accepted for the fraudulent purpose of cheating, hindering or delaying creditors, it may be overthrown, no matter what may have been the consideration paid therefor, or how pure the motive which induced it. *Brittain* v. *Crowther*, 54 Fed. Rep. 295.

If the alienation is effected with such mutual design, the presence of the most bounteous or adequate price will not save or cure it. Wait Fraud. Conv. (2d ed.), sections 207, 208; *Billings* v. *Russell*, 101 N. Y. 226 (232); *Boyd* v. *Turpin*, 94 N. C. 137; *Bradley & Co.* v. *Ragsdale*, 64 Ala. 558; *Gillespie* v. *Allen*, 17 S. E. Rep. 184.

So a conveyance by a debtor to his wife for a consideration greatly below its value, will be wholly set aside. *Bates* v. *Morris*, 13 So. Rep. 138.

The protection and preservation of the rights of creditors is the fundamental policy of the law. Wait Fraud. Conv., section 1.

It is true there is a line of cases affirming the doctrine that if the husband, without any fraudulent intention, in view of the amount and value of all his property, conveys by gift a portion of his property to his wife, he being solvent at the time, and retains a sufficient amount of it subject to the ordinary process to liquidate his just debts, the court will uphold the deed. But it is other-

wise when the debtor does not retain ample property to pay his debts that can be levied on by execution. Money in the hands of another, which the officer can not possess, can not be seized on execution. The creditor is not required to resort to an extraordinary remedy in aid of his claim, but may proceed against property fraudulently conveyed. *Eiler* v. *Crull,* 112 Ind. 318 (321).

It is settled, both on principle and authority, to be sufficient to set aside the deed as to existing and subsequent creditors where the grantor, on account of the peculiar condition in which he finds himself placed, or the business in which he is about to engage, and in anticipation that he will or may incur debts which he may not wish to pay, or be compelled to pay, conveys his property, or causes it to be conveyed, for the purpose of preventing it from becoming subject to the payment of his debts when they shall accrue, and where the person who receives the conveyance has knowledge of, or participates in, the purpose for which it is made, such conveyance may be adjudged to be fraudulent as against subsequent creditors. He can not legally or honestly in this manner provide for his family and cast upon the creditors the hazards of his speculations. *Carpenter* v. *Roe,* 10 N. Y. 227 (232); *Parish* v. *Murphree,* 13 How. Rep. 92; *Plunkett* v. *Plunkett,* 114 Ind. 484 (488); *Bishop* v. *Redmond,* 83 Ind. 157.

The presumption of fraud does not depend on the amount of the debt, or the extent of the property or the circumstances of the party; to attempt to create such distinction would prove an inlet to fraud. 1 Story Eq., section 359; 3 Johns. Ch. 501.

It is evidently the law that a voluntary conveyance, where there is no consideration for a deed, is void as to creditors, although the grantee had no notice of the

fraud. *Barkley* v. *Tapp,* 87 Ind. 25; *Wright* v. *Nipple,* 92 Ind. 310.

A conveyance may be partially as well as entirely voluntary, although there is no actual intent to defraud; yet, if the price was so manifestly inadequate as to shock the moral sense and create at once a suspicion of fraud, a court of equity will set aside the deed and devote the excess to creditors, regarding the conveyance to the extent of the difference as voluntary. Bump Fraud Conv., section 232; *Bates* v. *Morris, supra; Robinson* v. *Stewart,* 10 N. Y. 189; *Van Wyck* v. *Seward,* 1 Am. Lead. Cases, 45 (18 Wend. 375); *Norton* v. *Norton,* 5 Cush. 524; *Crumbaugh* v. *Kugler,* 2 Ohio St. R. 373.

So, a grossly inadequate consideration will render a contract fraudulent. Wait Fraud Conv., section 207. But if the deed is actually fraudulent it will be wholly set aside, and the purchaser, though he pays a consideration, has no protection. *McCanless* v. *Smith,* 25 Atl. Rep. 211.

The finding of the court shows that the most of the $1,000 the wife claimed to have loaned to her husband, and for which the mortgage was given, was money he let her have for housekeeping purposes and which she kept and secreted without his knowledge. This transaction was a gift, pure and simple, and the mortgage was fraudulent as to creditors. *Wisconsin Granite Co.* v. *Ray,* 33 N. E. Rep. 31.

Persons must be just before they are generous, and the law stamps a man's generosity with the name of fraud when it prevents him from acting fairly towards his creditors, and presumes fraud if he disables himself from paying his debts. In such cases the presumption of fraud arises and may exist without the imputation of moral turpitude. Bump. Fraud. Conv., p, 272. In this case, a part of the money due her was from her hus-

band for labor. A conveyance by an insolvent husband to his wife in pursuance of a contract to compensate her for services is invalid and voidable as against creditors. Wait Fraud Conv., section 218.

It appears that she held no note or other written contract for the $1,600 she claimed against the husband and for which the deed was given. In such case the burden of proof is upon her to establish the *bona fides* of the purchase, and it must be shown by clear and satisfactory evidence that it was for a valuable consideration paid by her out of her separate estate or by some other person for her. Wait, etc., *supra*, 301.

The evidence must also be free of suspicion. Kerr Frauds, 200.

We are persuaded, in the case at bar, that the appellants practiced a fraud upon the appellee in the transaction assailed and sought to be set aside, and have resorted to expedients to conceal the evidence of it. In such a case it is plainly the duty of a court of equity to pursue it in its tortuous course and uncover and expose its tracks. We are of the opinion that the judgment of the court below is sustained by the evidence. Appellants urge that the special finding does not show that Joseph H. Gable had no other property subject to execution at the time of the conveyance to the wife of this real estate. We think the appellant is wrong in this contention.

There is no error justifying a reversal, and the judgment is affirmed, with costs.

Filed Oct. 31, 1894; motion for rehearing overruled April 5, 1895.