## VANSICKLE ET AL. *v.* SHENK.

[No. 18,239.    Filed May 12, 1898.]

150  413
158  541

FRAUDULENT CONVEYANCES.—*Action to Set Aside.—Complaint.*—An allegation in a complaint to set aside a conveyance as fraudulent that grantor had not, at the time of the conveyance and suit, property, subject to execution, sufficient to pay plaintiff's judgment amounts to an allegation of insolvency.  *p. 414.*

EVIDENCE.—*Weight Of.—Action at Law and Suits in Equity.*—The rule of this court against weighing the evidence and passing upon conflicts therein admits of no distinction between actions at law and suits in equity.  *pp. 414, 415.*

SAME.—*Fraudulent Conveyances.*—Evidence of dealings and declarations of grantor subsequent to the conveyance, as tending to show fraud upon his part, is admissible as against the grantor in the trial of an action to set aside such conveyance as fraudulent.  *pp. 415, 416.*

FRAUDULENT CONVEYANCES.—*Execution.*—*Proof.*—*Promissory Notes.*
—It is not necessary that plaintiff, in an action to set aside a con-
veyance as fraudulent, prove a refusal by defendant to turn out
notes before he could maintain that the debtor had no property
subject to execution, as section 736, Burns' R. S. 1894, makes
promissory notes leviable upon condition that the execution
defendant give them up, and the burden is upon the debtor to dis-
close not only ownership, but his willingness to turn them out for
levy.  *pp. 416, 417.*

EVIDENCE.—*Fraudulent Conveyances.*—*Character of Grantor.*—Evi-
dence as to the reputation of grantor for honesty and fair dealing
is not admissible in the trial of an action to set aside a conveyance
as fraudulent.  *p. 417.*

From the Tipton Circuit Court.  *Affirmed.*

*Waugh, Kemp & Waugh* and *Moore, Cooper &
Cooper,* for appellants.

*Moon & Wolf,* for appellee.

HACKNEY, J.—This was a suit by the appellee to
set aside a conveyance, alleged to be fraudulent, by
Gilbert Vansickle to his co-appellant.

The sufficiency of the complaint is denied, because
of the absence of allegations that the grantor was
"insolvent" at the time of the conveyance and at the
time the suit was brought.  It was alleged, and this
is conceded, that at said times the grantor had not
property, subject to execution, sufficient to pay the
appellee's judgment.  This allegation was sufficient:
*Slagle* v. *Hoover,* 137 Ind. 314; *Roberts* v. *Farmers
& Merchants Bank,* 136 Ind. 154; *Gable* v. *Columbus
Cigar Co.,* 140 Ind. 563; *Hogan* v. *Robinson,* 94 Ind.
138; *York* v. *Lockwood,* 132 Ind. 358.

The alleged condition of the grantor was that of in-
solvency.  *State, ex rel.,* v. *Harper,* 120 Ind. 23.  The
cases of *Crow* v. *Carver,* 133 Ind. 260, and *Shew* v. *Hews,*
126 Ind. 474, do not hold otherwise.

While conceding a conflict in the evidence upon the
question of fraud, counsel urge that, because the suit

is of equitable cognizance, this court should weigh the evidence and pass upon the conflict. Much of the evidence was oral, and its weight, to a considerable degree, depended upon the credibility of the witnesses. The rule that this court will not weigh the evidence has its chief support in the fact that it cannot observe the witnesses and consider their appearance and deportment during their examination. The reason supporting the rule seems not to admit of distinction as between actions at law and suits in equity. While there are cases in which this court is required to weigh the evidence, they are exceptions to the general rule, and this case is not one of that class.

The cases of *Eiler* v. *Crull*, 112 Ind. 318, and *Towns* v. *Smith*, 115 Ind. 480, are cited by the appellants to the proposition that the statute affording proceedings supplemental to execution would have been an effective legal remedy, in that it would have reached notes held by the grantor for the purchase money for the land conveyed, and that, therefore, the remedy here sought was not available. The cases cited do not so hold, and the contrary doctrine is held in *Rhodes* v. *Green*, 36 Ind. 7, and *Gable* v. *Columbus Cigar Co.*, *supra*. The holding in the latter cases must find ample support in the rule that it is sufficient, in suits of the character of the present, to show that the debtor had not property subject to execution.

A question is made as to the admissibility of certain evidence of dealings and declarations, subsequent to the conveyance in question, by the grantor, as tending to exhibit fraud upon his part in said conveyance. The objection which was by the appellants jointly, and is only presented in that form, was that a grantor may not disparage the title of his grantee by declarations subsequent to the conveyance.

The rule in this State, and in other jurisdictions is,

that as against the grantor, the debtor, where he is a party to the suit, such evidence is admissible to show his motive or purpose in making the conveyance. *Bruker* v. *Kelsey*, 72 Ind. 51; *Hogan* v. *Robinson, supra; Hunsinger* v. *Hofer*, 110 Ind. 390; *Stowell* v. *Hazelett*, 66 N. Y. 635; *Hairgrove* v. *Millington*, 8 Kan. 480; *White* v. *Perry*, 14 W. Va. 66; *Brittain* v. *Crowther*, 54 Fed. 295; Bump on Fraudulent Conveyance (4th ed.), section 599. Of course this rule should not be confused with the one which forbids that a declaration by a grantor shall be received to impair the force of his deed previously made, or that such subsequent declarations are inadmissible against the grantee. Here it does not appear that objection was made on behalf of the grantee, nor is it to be presumed that the evidence, admissible for any purpose, was considered for an improper purpose.

The court rejected evidence offered as to the value of notes claimed by the appellants to have been executed by the appellant grantee, to the grantor. The notes were not subject to execution, and, for the reasons already stated, were important, not as showing the possession by the grantor of property from which the debt could be made, but as showing the *bona fides* of the conveyance. For this purpose, their value was not in question. Counsel insist, however, that appellee should have proved an execution upon his judgment, a demand upon the same, and a refusal by the debtor to turn out notes before he could maintain that the debtor had no property subject to execution. The statute, section 736, Burns' R. S. 1894 (724, R. S. 1881), alone makes promissory notes leviable, and that is upon the condition that the execution defendant give them up. *Steele* v. *McCarty*, 130 Ind. 547. The burden is therefore upon the debtor to disclose not only the ownership, but his willingness to turn them out for levy.

The trial court excluded also evidence of the reputation of the grantor for honesty and fair dealing, as offered on behalf of the appellants.    This ruling was right. *Continental Ins. Co.* v. *Jachnichen*, 110 Ind. 59; *Elliott* v. *Russell*, 92 Ind. 526; *Gebhart* v. *Burkett*, 57 Ind. 378; *Church* v. *Drummond*, 7 Ind. 17; *Rogers* v. *Lamb*, 3 Blackf. 155; *Gunderson* v. *Richardson*, 56 Iowa 56, 8 N. W. 683, 41 Am. Rep. 81; *Barton* v. *Thompson*, 56 Iowa 571, 9 N. W. 899, 41 Am. Rep. 119; *Fowler* v. *Aetna Fire Ins. Co.*, 6 Cow. 674, 16 Am. Dec. 460; *Porter* v. *Seiler*, 23 Penn. St. 424, 62 Am. Dec. 341; *Thompson* v. *Bowie*, 4 Wall. 471; *Smets* v. *Plunket*, 1 Strob. (S. C.) 372; *Sturgeon* v. *Sturgeon*, 4 Ind. App. 232; *Gutzwiller* v. *Lackman*, 23 Mo. 168.    The last of these cases and that of *Church* v. *Drummond*, *supra*, are directly in point. All of the cases hold that if character is not directly involved, such evidence is not admissible.

Finding no available error in the record, the judgment of the trial court is affirmed.