## Skelley et al., Executors, *v.* Vail et al.

### [No. 3,706.   Filed June 7, 1901.]

Appeal.—*Motion Not in Record.*—A motion to separate causes of action, which was not brought into the record by bill of exceptions or by order of court, cannot be considered on appeal. *p. 89.*

Same.—*Striking Out Answer of Witness.*—If a witness states facts not called for by a question propounded to him, the court may properly direct the answer to be struck out. *p. 89.*

New Trial.—*Rulings of Court Not as Stated in Motion.*—It is not error to overrule a motion for a new trial based on alleged rulings which were not made as alleged in the motion. *p. 90.*

Fraudulent Conveyances.—*Evidence.*—*Subsequent Declarations of · Grantor.*—Where a husband and wife joined in the conveyance of real estate to a creditor of the husband, testimony as to a conversation with the grantor subsequent to the conveyance, in the absence of the grantee, relating to the making of an arrangement between another creditor and the grantor in the presence of such creditor's husband and her attorney for the payment of the creditor's claim

Skelley *v.* Vail.

and the settlement of a suit which she had commenced against the grantor and the preferred creditor, in which nothing was said about the conveyance or in relation to the affairs of the debtor, except the grantor stated his ability to pay the claim in suit, and arranged a time and place to do so, is inadmissible against the grantee. *pp. 90-92.*

From Elkhart Circuit Court; *H. D. Wilson,* Judge.

Action by Mary M. Skelley against Jeremiah Vail and others to set aside conveyances of real estate. From a judgment against Jeremiah Vail and in favor of other defendants, personal representatives of Mary M. Skelley, since deceased, appeal. *Affirmed.*

*W. J. Davis* and *S. J. North,* for appellants.

*L. W. Vail,* for appellees.

BLACK, C. J.—Mary M. Skelley, of whom the appellants are the personal representatives, brought suit against Jeremiah Vail, Dora B. Vail, his wife, and John F. McClure, to set aside a certain conveyance of real estate executed by Jeremiah and Dora to McClure, as having been made to defraud the plaintiff, a creditor of Jeremiah, and to subject the land to certain judgments which the plaintiff had recovered against Jeremiah.

A supplemental complaint made Aaron Arnold an additional defendant, and alleged that the defendant McClure, at a date subsequent to the commencement of the action, bargained, sold, and agreed to sell the same real estate to Arnold, who had full notice of the fraudulent conveyance.

Afterward, the plaintiff filed an additional paragraph of complaint attacking a conveyance of real estate at another time by one Henderson to said Dora, which it was alleged was purchased by the defendant Jeremiah, who caused it to be conveyed to Dora to defraud his creditors and the plaintiff.

The answer was a general denial. The trial resulted in a finding in favor of the plaintiff against Jeremiah Vail in a certain sum, and against the plaintiff as to all the other

defendants. The plaintiff died after judgment; and the executors of her will prosecute this appeal, all the above named defendants being appellees. It is assigned that the court erred in overruling the motion of the plaintiff for a new trial.

It appears from the record that before the trial the court, upon the motion of the appellee McClure, ordered that the trial of "the defendant John McClure be separate from the trial of Vail and Vail", and in argument it is claimed that the court erred in sustaining McClure's motion for a separation of the plaintiff's causes of action. If such action of the court may properly be presented by a motion for a new trial, as to which we need not decide, it can not be examined by us, for the reason that the motion to separate the causes of action was not brought into the record either by bill of exceptions or order of court. *Cargar* v. *Fee,* 140 Ind. 572; *Shields* v. *McMahan,* 101 Ind. 591.

In the examination of the husband of the plaintiff as a witness in her behalf, an answer of the witness was struck out upon the motion of the appellees assigning that the answer was not responsive to the question addressed to the witness. This ruling is condemned in the brief for the appellants, though it can scarcely be said to be discussed by counsel. There was no error in the ruling, the objection being well taken. The trial judge may properly strike out the answer of a witness not responsive, in that the witness states facts not called for by the question. *Pence* v. *Waugh,* 135 Ind. 143; Jones on Ev., §814; 8 Ency. Pl. & Pr. 134.

One of the causes assigned in the motion for a new trial was that the court erred "in refusing to admit the testimony of James Skelley and Samson J. North, witnesses for plaintiff, as to statements and conversations of defendant Jeremiah Vail, in reference to plaintiff's claim, as evidence against the defendants John McClure and Dora B. Vail, and in holding the same was evidence against Jeremiah Vail only, to which ruling of the court the plaintiff then and there excepted."

Looking to the portions of the record referred to by counsel in discussing this cause in the motion for a new trial, we find that only the objections of the appellee McClure were sustained to the questions propounded to these witnesses, and that the court did not refuse to admit any of the testimony in question as evidence against Dora B. Vail, and that the court did not in any of the rulings in question, to which the plaintiff excepted, hold the testimony to be evidence against Jeremiah Vail only.

There could be no error in refusing to grant a new trial asked for because of alleged rulings which were not in truth made as alleged in the motion.

The conversation with Jeremiah Vail referred to by these witnesses, which was admitted in evidence, except as against the appellee McClure, was had in his absence at a time subsequent to the conveyance to him from Jeremiah Vail and wife. They related to the making of an arrangement between the plaintiff and Jeremiah Vail in the presence of her husband and her attorney for the payment at a later date of the plaintiff's claim and the settlement of the suit which she had commenced thereon against said Jeremiah and the payment of the costs therein by him. Nothing was said about any conveyance made or contemplated, or in relation to the property or affairs of the debtor, except that he stated his ability to pay the claim in suit, and arranged for a time and place to do so.

The statements of the grantor in question were not explanatory of an equivocal possession of land conveyed but retained by the grantor and made as part of the *res gestae* and adapted to show the real nature of such possession by qualifying it and giving it character. See *Robbins* v. *Spencer*, 140 Ind. 483.

The declarations of a debtor after he has assigned his property are not as a general rule admissible against his assignee for the purpose of proving that the transfer was made to defraud the creditors of the assignor. *Wynne* v. *Glidewell,* 17 Ind. 446.

Skelley *v.* Vail.

The general rule is well settled that the declarations of a vendor made after his conveyance are not admissible in evidence to defeat it. *Thompson* v. *Thompson,* 9 Ind. 323, 68 Am. Dec. 638; *Doe* v. *Moore,* 4 Blackf. 445, 30 Am. Dec. 666; *Kieth* v. *Kerr,* 17 Ind. 284; *Campbell* v. *Coon,* 51 Ind. 76; *Proctor* v. *Cole,* 104 Ind. 373.

There are cases favorable to a rule that declarations of the grantor after the conveyance which would not be admissible as against the grantee may be admitted as against the grantor. See *Hogan* v. *Robinson,* 94 Ind. 138; *Hunsinger* v. *Hofer,* 110 Ind. 390; *Vansickle* v. *Shenk,* 150 Ind. 413.

Where there is a conspiracy or common purpose on the part of the grantor and grantee to defraud a third person, the admissions of the grantor made after he parted with his title, tending to impeach the title of his grantee made in the execution of the common purpose, and to aid in its fulfilment, are admissible. *Tedrowe* v. *Esher,* 56 Ind. 443; *Daniels* v. *McGinnis,* 97 Ind. 549.

The conveyance to the appellee McClure was made by way of preferring him as a creditor. It is well settled that a creditor may take a preference from his debtor, and knowledge of the creditor that the debtor is not able to pay his debts, and that a judgment has been obtained against him, does not make it a fraud for the creditor to take the preference. *Straight* v. *Roberts,* 126 Ind. 383.

The diligence of the appellee McClure, in the matter of the transfer of the property in question, may have been regarded by the trial court as allowable for the purpose of his thereby securing to himself a preference as a creditor of his grantor, and therefore as not affording sufficient evidence of a conspiracy or common purpose of the grantor and grantee to defraud the plaintiff.

In this view of the matter, without critically examining as to the tendency of the evidence in question to affect the title of the grantee, we can see no error in the action of the

court in relation to the admission of the evidence, even if we could regard the action of the court as sufficiently designated in the motion for a new trial.

So, also, in consideration of the fact appearing in the evidence that the transaction wherein the real estate in question was conveyed to the appellee McClure was a case of the preference of a creditor, we are unable to disturb the result reached by the trial court because of insufficiency of the evidence.

Judgment affirmed.