JOYCE, ADMINISTRATOR, v. BOCQUIN ET AL.

[No. 12,187.    Filed February 17, 1926.]

1. ABATEMENT AND REVIVAL.—*Where plaintiff in action to en-force trust in real estate died and his administrator substi-tuted, it was necessary to amend the complaint to show that decedent's interest was liable for his debts before administra-tor could maintain the action.*—In an action to enforce a trust in real estáte, where the plaintiff died before the cause was put at issue and his administrator was substituted for him, an amended complaint thereafter filed would be insufficient un-less it showed that the decedent's interest in such land was liable for the payment of his debts and that his other property was insufficient for that purpose.   p. 190.

2. PLEADING.—*Jurisdiction over the person of a defendant, when questioned by demurrer.*—Jurisdiction over the person of a de-fendant may be questioned by demurrer when the complaint states that she is a nonresident of the state.   p. 191.

3. COURTS.—*Jurisdiction over specific property.*—When it is necessary for the judgment or decree to act upon particular property, jurisdiction attaches to the property itself, regard-less of whether or not there is jurisdiction of the person of the defendant.   p. 191.

4. TRUSTS.—*Jurisdiction of subject-matter is all that is required in action to enforce trust in real estate.*—In an action to enforce a trust in real estate and to procure an order for the payment to plaintiff of the proceeds of the sale thereof, jurisdiction of the subject-matter is all that is required, and it is immaterial that the defendant is a nonresident.   p. 191.

5. TRUSTS.—*Section 13449 Burns 1926 creates a resulting trust where one party furnishes money to another to buy real estate under agreement that it is to be held in trust for party fur-nishing money, there being no fraudulent intent.*—Where money of one party is invested by another in real estate under and pursuant to an agreement that the latter is to hold such property in trust for the other to the extent of the money furnished by him, there being no fraudulent intent, §13449 Burns 1926, §4019 Burns 1914, creates a resulting trust therein to the *pro rata* extent of the purchase money so fur-nished.   p. 192.

From Howard Circuit Court; *John Marshall*, Judge.

Action by Louis Bocquin against Victoria Bocquin and another. Plaintiff having died before the cause was put at issue, his administrator, John B. Joyce, was substituted as plaintiff. From a judgment for the defendant Bocquin, the plaintiff appeals. *Reversed.* By the court in banc.

*John B. Joyce,* for appellant.
*Joseph C. Herron,* for appellees.

NICHOLS, C. J.—This action was originally brought by Louis Bocquin, against appellee Victoria Bocquin, who was his daughter-in-law, the widow of his son and only child.

The grounds which he alleged entitled him to the relief for which he asked, were, that on or about August 5, 1919, the said appellee had in her possession money which belonged to him and amounted to more than $1,700. That it was then agreed between him and said appellee that she should invest his said money as part of the purchase price of certain real estate in the city of Kokomo, Indiana. It was also then agreed, without any fraud on the part of either, that the title to said real estate should vest in said appellee; that she and he, then a widower and about seventy years of age, should thereafter use and occupy said real estate as their home; that she would hold his interest in said real estate in trust for him; that she would there care for and provide a home for him while he lived, bury him and pay his funeral expense when he died, and that thereupon she should become the absolute owner of his said interest in said real estate.

That they did occupy said real estate as their home for about one year. That said appellee then drove him from the said home and never thereafter permitted him to have any use or derive any benefit therefrom. That he then demanded of said appellee that she either pro-

vide him with a home or pay him the value of his said interest in said real estate which was then $1,200. That she refused to do either, but sold said real estate to her codefendant, Rosa Griswold.

That said Griswold then had notice of his claim to an interest in said real estate of the value of $1,200, and refused to pay to said appellee $1,200 of the purchase price of said real estate and still keeps said sum in trust for whoever the court finds is entitled to receive it. That said appellee Bocquin is a nonresident of Indiana.

Before said cause was put at issue, said plaintiff died and John B. Joyce, as the administrator of his estate, was substituted as plaintiff. Said administrator,
1. as said plaintiff, thereafter filed an amended fifth paragraph of amended complaint, which alleged, in substance, the above facts, and further averred that the decedent's interest in said real estate was liable to be made assets for the payment of his debts, and that the property of the decedent other than his said interest in said real estate was insufficient to pay his debts and liabilities at the time of his death. This was a necessary amendment in order that appellant as administrator might maintain the action. *Matlock* v. *Nave* (1867), 28 Ind. 35. Appellant thereupon dismissed all other paragraphs. In such amended fifth paragraph, appellant prays the court for judgment that said decedent was at the time of his death the owner and entitled to the possession of said sum of $1,200 balance of purchase money for said real estate held by said Griswold, and asks the court to order her to pay said money to appellant as the administrator of the estate of said decedent, or to set aside said sale of said real estate to said Griswold.

Appellee Bocquin appeared and demurred to said amended fifth paragraph of amended complaint, and,

the court having sustained her said demurrer, and appellant refusing to plead further, judgment was rendered against him from which he appeals, assigning as error the court's ruling on the demurrer. Defendant Rosa Griswold did not appear and the court rendered judgment against her upon default, at plaintiff's costs.

It appearing on the face of the complaint that appellee was at the time a nonresident of the state, the jurisdiction of the court over her person is properly presented by demurrer. 1 Watson, Revision of Works' Practice §502. But, as we view this case, we are not concerned as to whether the court had jurisdiction of appellee, and we, therefore, give this question no further attention.

2-4.

It clearly appears by the averments of the complaint that the fund the possession of which was sought by appellant was in the hands of the defendant Griswold who was within the jurisdiction of the court. Clearly, appellant sought a judgment which would act upon this particular fund, or upon the real estate of which the fund was the proceeds of sale, that is, appellant sought, either to obtain a decree directing that the fund be paid to him, or that the sale of the real estate from which the fund arose be set aside. The rule that must govern under such circumstances is thus stated in *Steward* v. *State* (1913), 180 Ind. 397, 409, 103 N. E. 316: "When it becomes necessary for the judgment or decree to act upon the particular property, or thing attacked, jurisdiction attaches to the thing itself." In this case, the court had jurisdiction of the subject-matter, and that is all that is required.

Section 13447 Burns 1926, §4017 Burns 1914, provides that when a conveyance for a valuable consideration is made to one person, and the consideration therefor paid by another, no use or trust shall result in favor of the latter; but the title shall vest in the former,

subject to the provisions of the following two sections. The third clause of the second section following, being §13449 Burns 1926, §4019 Burns 1914, provides that the provisions of §4017, *supra,* shall not extend to cases where it shall be made to appear that, by agreement and without any fraudulent intent, the party to whom the conveyance was made, or in whom the title shall vest, was to hold the land or some interest therein in trust for the party paying the purchase money or some part thereof.

It is clear that by the provisions of this section and under the averments of the complaint, a trust was created in appellee in favor of appellant in the real estate involved to the *pro rata* extent that he paid the purchase money therefor. The questions here involved have been decided in favor of appellant's contention in *Koehler* v. *Koehler* (1919), 75 Ind. App. 510, 526, 121 N. E. 450, where authorities are cited and discussed. Nothing can be gained by further considering them.

The judgment is reversed, with instructions to overrule the demurrer to the complaint and for further proceedings.