STAMPER *v.* STAMPER

[No. 28,514. Filed January 6, 1949. Rehearing denied February 3, 1949.]

16

*Edgar J. Call*, of Gary, and *Dean J. Call*, of Evansville, for appellant.

*Blaz A. Lucas* and *Ellis C. Bush*, both of Gary, for appellee.

YOUNG, J.—The property involved in this appeal had been used by appellee for many years as his home. Appellant was his daughter and lived with him. There was a mortgage upon the property which was foreclosed and the property sold at a sheriff's sale. Appellee had owned other real estate in Gary which likewise had been mortgaged and sold upon foreclosure and there were deficiency judgments against him aggregating about $8,000.

Appellee negotiated with the man who had purchased his home property at foreclosure sale to buy it back and found that, because of the judgments against him it would be necessary, if he were to borrow money on the property with which to pay all or part of the repurchase price, to take the title in the name of someone other than himself. To obtain money with which to buy back his home appellant negotiated an F. H. A. loan of $2,400 with a Gary bank, to be secured by mortgage upon the property when purchased. The bank declined to make the loan to appellee because of his age and

because he was unemployed, but agreed to make it to his daughter, the appellant.

Appellant signed the note and mortgage and appellee and his wife signed the note, so that when the transaction was completed appellant, appellee and his wife and the property were all behind the loan. About $425 additional money was necessary to complete the repurchase and this was borrowed in the name of appellant upon a second mortgage negotiated by appellee. The purchaser at foreclosure sale deeded the property to appellant, and there was evidence from which the court could well have believed that this conveyance was made at the request of appellee, and that at the time it was made appellant agreed that she would deed the property to her father at any time he desired it. Appellant and appellee and his wife continued to live in the property and appellee collected the rents from a part thereof which had been rented. Appellee paid the $425 mortgage and the installments upon the $2,400 mortgage as they became due and made improvements to the property aggregating $3,000 in value.

At the time the property was conveyed to appellant it was worth, subject to the mortgages thereon, less than appellee's statutory exemption. Appellant continued to hold the title to the property until the statute of limitations had run against the liens of the judgments against appellee. Thereafter at a time when appellant was about to join the Women's Army Corps appellee asked appellant to convey the property to him and she refused. Thereupon appellee brought action against the appellant asking that a trust be declared in said real estate in his favor and that he be adjudged the true owner thereof and that a commissioner be appointed to convey same to plaintiff. The case was tried and the court decreed that appellee was the owner of the real

estate involved and ordered appellant to make conveyance thereof to appellee within five (5) days and appointed a commissioner to make such conveyance if appellant failed to do so. A motion for a new trial was overruled and this appeal was taken.

The real question here involved is whether, under the circumstances described, a court of equity will aid appellee.

Appellee claims that a trust in his favor resulted when title was placed in the name of his daughter. Section 56-606, Burns' 1943 Replacement reads as follows:

> "When a conveyance for a valuable consideration is made to one (1) person, and the consideration therefor paid by another, no use or trust shall result in favor of the latter; but the title shall vest in the former subject to the provisions of the next two (2) sections."

The second section thereafter provides that the section of the statute last above quoted "shall not extend to cases . . . where it shall be made to appear that, by agreement, and without any fraudulent intent, the party to whom the conveyance was made, or in whom the title shall vest, was to hold the land or some interest therein in trust for the party paying the purchase-money or some part thereof." Section 56-608, Burns' 1943 Replacement.

The decision of the trial court in this case was in favor of the appellee and we must therefore accept the facts disclosed by the evidence, and all reasonable inferences therefrom, most favorable to the appellee. There was evidence from which the trial court could have believed, and evidently did believe, that there was an agreement upon the part of appellant to hold the real estate here involved in trust for her father. It is true that the money with which

the property was repurchased after foreclosure sale was obtained from loans and mortgages made in the name of appellant, but they were negotiated by appellee and he and his wife signed the notes and paid them and the court could reasonably have inferred from all facts that the money used in the repurchase of property was in substance and in fact provided by appellee and not by appellant, even though the transactions by which the money was obtained were, in part, conducted in appellant's name.

It was stipulated by the parties that there was no fraud between appellant and appellee in connection with the complained of transaction and for reasons which we will develop later in this opinion we think there was no fraud as against appellee's creditors. Under these circumstances and the statutes above cited and quoted a resulting trust was created in appellant for the benefit of appellee when title to the property involved was placed in her name. *Sinclair* v. *Gunzehauser* (1912), 179 Ind. 78, 133, 134, 98 N. E. 37; *People's, etc., Trust Co., Exr.,* v. *Mills* (1923), 193 Ind. 131, 137, 139 N. E. 145; *Rickes* v. *Rickes* (1923), 81 Ind. App. 533, 541, 141 N. E. 486; *Joyce, Admr.,* v. *Bocquin* (1926), 84 Ind. App. 188, 192, 150 N. E. 816; *Gerace* v. *Gerace* (1938), 301 Mass. 14, 16 N. E. 2d 6, 117 A. L. R. 1459.

Appellant says that it is well settled that courts of equity will not aid one who has purchased property and caused the title thereto to be transferred to another for the purpose of hindering, delaying or defrauding creditors, and that is true. *Bellin* v. *Bloom* (1940), 217 Ind. 656, 660, 669, 28 N. E. 2d 53; *Ratcliff* v. *Ratcliff* (1941), 219 Ind. 429, 436, 39 N. E. 2d 435; *Reed* v. *Robbins* (1915), 58 Ind. App. 659, 661, 108 N. E. 780; *Kitts* v. *Willson, et al.* (1891), 130 Ind.

492, 498, 501, 29 N. E. 401; *Gable* v. *Columbus Cigar Co.* (1894), 140 Ind. 563, 566, 38 N. E. 474. See also cases cited in Annotation in 117 A. L. R. at p. 1465. But it must be remembered that the property involved in this case, subject to the mortgages thereon, was at the time of transfer to appellant worth less than appellee's statutory exemption. Property exempt from execution is not subject to claims of creditors and the conveyance of such property to a third person for the benefit of the debtor is not fraudulent. *Stark* v. *Lamb* (1906), 167 Ind. 642, 648, 79 N. E. 895; *Marmon* v. *White* (1898), 151 Ind. 445, 449, 51 N. E. 930; *The Citizens State Bank of Noblesville* v. *Harris* (1897), 149 Ind. 208, 212, 48 N. E. 856; *Isgrigg* v. *Pauley* (1897), 148 Ind. 436, 438, 47 N. E. 821; *Moss et al.* v. *Jenkins et al.* (1897), 146 Ind. 589, 599, 45 N. E. 789; *Faurote* v. *Carr et al.* (1886), 108 Ind. 123, 125, 9 N. E. 350; *Burdge* v. *Bolin* (1886), 106 Ind. 175, 179, 6 N. E. 140.

In *Stark* v. *Lamb, supra,* the purpose of the action was to set aside an alleged fraudulent conveyance of real estate because the deed was made without consideration and for the purpose of defrauding creditors. It was contended that the value of the property was less than the debtor's exemption and therefore the conveyance was legal. In deciding the case, the following language on page 647 appears:

> "It is quite well settled that property exempt from execution is not subject to the claims of creditors, and may be transferred by the owner, unaffected by any such claims. The owner having a right to hold property exempt from the demands of his creditors has an absolute and unhampered right to transfer the same, and in doing so *cannot legally be charged with defrauding his creditors or with an intent to do so. Faurote* v. *Carr* (1886), 108 Ind. 123, 125; *Taylor* v. *Duesterberg* (1887),

109 Ind. 165, 170; *Barnard* v. *Brown* (1887), 112 Ind. 53.; *Citizens State Bank* v. *Harris* (1897), 149 Ind. 208." (Our italics.)

In *Isgrigg* v. *Pauley, supra,* the following language on page 438 appears:

". . . In *Blair* v. *Smith,* 114 Ind. 114, 126, 5 Am. St. 593, it was said: 'Property exempt from execution is not subject to any claim of the creditor, but is absolutely free from all claims of creditors. No execution or other writ is a lien upon it. *The creditor has no claim upon it in any form, and it is impossible to conceive any logical ground upon which property not subject to the claims of creditors can be held to have been fraudulently conveyed.* If creditors have no interest in the property, it is inconceivable that they can justly claim that in disposing of it the debtor has been guilty of fraud. The whole doctrine of annulling fraudulent conveyances rests upon the ground that the creditor has the right to resort to the property and where he has no such right it is impossible that a conveyance can be deemed fraudulent. Surely, a man may do what he will with property which is his own, and free from all claims of creditors.' The rule stated has the support of all the recent holdings of this court upon the subject. *Dumbould* v. *Rowley,* 113 Ind. 353; *State, ex rel.* v. *Harper,* 120 Ind. 23; *Barnard* v. *Brown,* 112 Ind. 53; *Phenix Ins. Co.* v. *Fielder,* 133 Ind. 557; *King* v. *Easton,* 135 Ind. 353; *Moss* v. *Jenkins,* 146 Ind. 589; *Burdge* v. *Bolin,* 106 Ind. 175, 55 Am. Rep. 724; *Faurote* v. *Carr,* 108 Ind. 123; *Taylor* v. *Dusterberg,* 109 Ind. 165." (Our italics.)

As stated in these cases and others cited, but not quoted, the owner of real estate exempt from the demands of creditors has an unhampered right to convey such real estate and in so doing cannot be charged with defrauding his creditors or with an intent to do so. In the case before us the real estate involved was exempt from execution and appellee was

not guilty of fraud or attempted fraud in making the conveyance complained of. It seems, to us therefore that appellee cannot be said to have caused the real estate here involved to be conveyed to his daughter with any fraudulent intent and under the statutes with referance to resulting trusts and the cases which we have cited his daughter held the real estate in trust for him and the court did not err in decreeing that appellee was the owner of the real estate and in ordering appellant or commissioner to make conveyance of same to appellee.

It is suggested in appellant's brief that, while appellee had no interest in this property subject to execution at the time the deed was made, his equity increased and before the statute had run against the liens of the judgments against him, he did have a substantial equity in the property. This court has held that the good faith of a transaction by which property of a judgment debtor is placed in the name of another is determined as of the date of such transaction. *Deming Hotel Co.* v. *Sisson* (1940), 216 Ind. 587, 595, 24 N. E. 2d 912. See also *People's, etc., Trust Co., Exr.,* v. *Mills, supra; Toney* v. *Wendling* (1894), 138 Ind. 228, 235, 37 N. E. 598; *Rickes* v. *Rickes, supra.*

It would seem to follow that if there was no fraud at the time of the conveyance and a trust in favor of appellant was created at that time, the rights of the parties would not be altered by subsequent happenings. Changed conditions later would not alter the original transaction or make fraudulent later a transaction that was not fraudulent at the time it occurred.

Appellant also contends that there was fraud upon the Federal Housing Administration in the procurement of the $2,400 mortgage in that there was misrepresentation as to the title to the property. We find nothing in

the record to compel such conclusion. No representations by appellee or appellant to the F. H. A. are shown. They dealt only with the bank that made the loan. It is true that there was a covenant in the mortgage that appellant, who was the mortgagor, held the fee simple title to said real estate. This was not a misrepresentation. It was true. The legal title to the real estate was in appellant when the mortgage was executed and the covenant as to title was made. It is also claimed that placing a second mortgage for $425 on the property was fraudulent, because the agent of the bank who made the loan said it would not have been made if they had known this was a second mortgage. We are unable to agree with this. There was no second mortgage on the property when the first mortgage was placed thereon. The first mortgage was dated October 9, 1936, and the second mortgage was dated January 25, 1937. The first mortgage specifically contemplated the possibility of a second mortgage being placed on said real estate, and made provision that any subsequent mortgage should be junior to the so-called F. H. A. $2,400 mortgage, and the second mortgage, when it was written, provided specifically that it should be second and junior to the earlier $2,400 mortgage. We do not think that there was any fraud in either of the particulars referred to.

The fact that appellee was the real party in interest and had caused title to be placed in his daughter and the mortgage to be executed by her was harmless. The notes representing the $2,400 loan were signed by appellee and his wife, as well as by appellant and all of them, together with the property itself, were behind the loan. The trial court might well have believed from the fact that appellee negotiated the $2,400 loan and signed the note that the bank making the loan had full knowledge

of the circumstances and was willing that the matter should be handled as it was.

Judgment affirmed.

NOTE.—Reported in 83 N. E. 2d 184.