## Case No. 6,888.

### HUNT v. DANFORTH.

[Brunner, Col. Cas. 678; 1 22 Law Rep. 74.]

Circuit Court, D. Rhode Island. June Term, 1857.

DEED OF TRUST AND MORTGAGE DISTINGUISHED— TRUSTEE ESTOPPED TO DENY VALIDITY OF TRUST —EQUITY — ABATEMENT — PENDENCY OF ACTION AT LAW AS.

1. An absolute deed by a husband to a trustee, in trust for his wife, in consideration of a sum advanced out of her separate estate, will not be deemed a mortgage by reason of the property exceeding in value the amount advanced.

2. A trustee cannot attack the validity of the deed under which he has gone into possession unless he clearly show that he has been deceived into taking a title, which without knowledge or laches on his part really belonged partly or wholly to himself.

3. Where there is not concurrent jurisdiction, the pendency of an action at law cannot defeat a suit in equity.

This case [by Mary Hunt against Walter R. Danforth, executor], which was previously before the court on a demurrer to the bill [Case No. 6,887], now came on to be heard on the pleadings and proofs. The bill and exhibits are printed in the former report of the case. The defenses set up by the answer were: 1. That the only valuable consideration for the conveyance from Hunt to Anthony, in trust for the complainant, was the separate estate of the complainant, of the value of about eight hundred dollars, appropriated to the use of Hunt; and that the conveyance to Anthony was made solely for the purpose of securing the re-payment to the complainant of that sum. In support of this allegation, the answer alleges that when the said conveyance was made, Hunt was insolvent, and immediately after the execution thereof, made to Anthony an assignment in the following terms: "Know all men by these presents: That I, Stephen W. Hunt, of the city and county of Providence, state of Rhode Island, for and in consideration of the sum of one dollar, to me in hand paid, and in consideration of the trusts hereinafter mentioned, by Burrington Anthony, of said Providence, do hereby assign, sell, convey, set over, and deliver unto him, the said Burrington Anthony, his heirs and assigns, all my debts, dues, and demands of every kind, name and nature, consisting of notes, book accounts, choses in action, and judgments of court, and boxes containing goods, and one one-horse sleigh, also one share in the City Hotel. Hereby constituting him, the said Burrington Anthony, my lawful attorney, with power irrevocable, to sell, transfer, assign, set over, and deliver, and to collect all and every of said property in his own name, and to make compromises and due acquittances and discharges for the same, and to collect and apply the proceeds thereof to and for the

following uses and purposes, and in the order hereinafter named, viz: First, to pay and discharge all the expenses accruing in the execution of this assignment, including a reasonable compensation to said trustee. Secondly, to pay all debts due from me to Burrington Anthony, either by note, book accounts, money borrowed, or as indorser. Thirdly, after paying and discharging all the aforesaid trusts, to pay all debts due from me to my creditors, ratably, if insufficient to pay the whole of said last-mentioned class of debts. And I, the said Burrington Anthony, for and in consideration of the aforesaid trusts, do hereby covenant to and with the said Stephen W. Hunt, well and truly to do and perform all things on my part to be done. and performed, according to the true intent and meaning of these presents. In witness whereof, we have hereunto set our hands and seals this third day of April, in the year 1843. Stephen W. Hunt. (L. S.) Burrington Anthony. (L. S.) Signed, sealed, and delivered in presence of Nathaniel Searle." That Hunt immediately afterwards took the benefit of the insolvent law of Rhode Island. And that, consequently, save as a security for the repayment of the said sum of eight hundred dollars, the conveyance, under which the complainant claims, is wholly void as against the creditors of Hunt; and that Anthony, in his lifetime, paid to the complainant, from the rents and profits of the trust property, enough to cancel that sum. The answer insists that whatever Anthony received from the property conveyed to him, beyond that sum, he received as assignee for the benefit of creditors, and not as trustee for the complainant; and further, that Anthony was himself a creditor of Hunt, and entitled in that capacity to retain under the assignment to him for the benefit of creditors, all he has received and not paid to the complainant from the property in question. 2. The answer alleges that the complainant has commenced a suit at common law, which is still pending. 3. It sets up the six years' statute of limitations as a bar to an account.

Joseph S. Pitman and Mr. Bradley, for complainant.

Mr. Jenckes, contra.

CURTIS, Circuit Justice. The conveyance from Hunt to Anthony, in trust for the sole and separate use of the complainant, is shown to have been made in consideration of the appropriation to the use of Hunt, of a mortgage upon which the sum of eight hundred dollars and some interest was due, and which was the separate estate of the complainant. The conveyance from Hunt to Anthony, on its face, is absolute. There is no witness who says it was intended as a mortgage. The property was leasehold, subject to a very considerable ground rent. The lessor had the right to refuse to take and

1 [Reported by Albert Brunner, Esq., and here reprinted by permission.]

pay for the buildings which the lessees had erected on the premises; and it is not averred in the answer, nor shown in evidence, that the salable value of the lease at the time of the conveyance to Anthony, in trust, much exceeded the sum of eight hundred dollars. Nor was any ground upon which the court could pronounce this a mortgage suggested at the hearing, save that to hold it an absolute conveyance would be to impute to Hunt an intention to convey to his wife property which ought to belong to his creditors. But even if this suggestion were supported by evidence that Hunt then knew the salable value of the leasehold interest much 'exceeded the sum which his wife had advanced for him from her separate estate, and that his wife also was cognizant of that fact, it would be a violent assumption to make, in the absence of all other evidence, that they could not have intended an absolute' conveyance. Although justly some part of the property should have gone to creditors, there is no impossibility, certainly, that Hunt may have designed that it should all belong to his wife. He has said so by the deed, and there is nothing to control what he has so said. I cannot, therefore, declare this to be a mortgage, upon the footing of the actual intention of the parties to have it one. It is equally clear that the defendant, as Anthony's representative, cannot be allowed to attack the trust deed as fraudulent as against Anthony and other creditors. If a trustee can ever be permitted, for his own profit, to deny the validity of the conveyance in trust under which he has gone into possession, it can only be where he clearly shows he has been deceived into taking a title which, without his knowledge or any laches on his part, really belonged partly or wholly to himself. But there is no pretense of any such case here. There is nothing tending to show a fraud on creditors, of which Anthony is alleged in the answer to have been ignorant, or of which the proofs tend to show he was ignorant, when he went into possession under this deed. If the actual salable value of the property had been shown to have exceeded the consideration, there is no more reason for holding Anthony ignorant of that fact than either of the other parties. And this is the only fact upon which a case of fraud on creditors can be based. The answer does not allege what the value was, nor that Anthony was ignorant of it. If a fraudulent intent existed, it is as consistent with the answer that Anthony concurred therein, as it is that Mrs. Hunt, the complainant, concurred therein. Nor can any rights be claimed for Anthony, as assignee, for the benefit of creditors; for the property thus assigned to him did not include what had just before been conveyed to him by the trust deed under which Mrs. Hunt claims in this case.

In respect to the defense that a suit at law had been brought, and is still pending, it is difficult to perceive how such a defense can ever defeat a suit in equity, save in cases of concurrent jurisdiction. If the subject-matter of the suit is such that a court of law, under its common law powers, can afford a plain, adequate, and complete remedy, a court of equity has no jurisdiction, and it is not material whether a court of law has or has not been resorted to. If a court of law cannot afford such a remedy, equity will not fail to afford one because the complainant has made an attempt elsewhere, which must be either wholly or partly ineffectual. There is a class of cases over which equity has an ancient and established jurisdiction, but which, by an enlargement of the equitable powers of courts of law, by statute or otherwise, has been brought within their cognizance. Whether a plea of a prior suit pending in a court of law, in such a case, would defeat a suit in equity, it is not necessary here to determine. This suit, by a married woman, to enforce an express trust for her sole and separate benefit, is one in which the remedy afforded by a court of law is far from being the same as is obtainable in equity; as has been held in this case, when it was before the court on a demurrer to the bill. The bar of the statute of limitations cannot be allowed. It is a case of express trust, never so disclaimed by the trustee as to cause the bar to begin to run. Taylor v. Benham, 5 How. [46 U. S.] 233. The cause must be referred to a master to take an account.