Ray *v.* Simons *et al.*

No. 8346.

## RAY *v.* SIMONS ET AL.

HUSBAND AND WIFE.—*Wife's Property.—Execution.—Evidence.—Fraud.* —In an action by a debtor's wife, to recover possession of personal property, seized by virtue of an execution on a judgment against him, evidence that the property was by him transferred through a trustee to her after she had, by mortgage of her land, obtained for his use, in paying debts, a large loan, and when he was the owner of a large amount of property, apparently sufficient to pay all his debts, shows a transaction bearing on its face no marks of fraud as against his creditors, and does not sustain a verdict against her.

SAME.—*Sale.*—The character of a sale or transfer of property by a debtor must be judged by the circumstances existing at the time, and not by subsequent events having no actual connection with the transaction.

From the Allen Circuit Court.

*R. S. Taylor* and *S. L. Morris,* for appellant.
*F. P. Randall* and *G. W. Seavey,* for appellees.

NIBLACK, J.—This action was commenced by the filing of a complaint by Mary Ray, before a justice of the peace, alleging that an execution, issued upon a judgment rendered by him in favor of Oscar Simons and against William F. Ray had been wrongfully levied by Joseph H. Elright, a constable of the proper township, to whom the same had been directed, upon a certain bay mare, the property of the said Mary Ray, and demanding a trial of the right of property as between her and the said Simons and Elright.

There was a finding and judgment for the defendants before the justice.

In the circuit court, to which an appeal was taken, a trial by a jury resulted in a verdict for the defendants. A motion for a new trial, challenging the sufficiency of the evidence, being first overruled, judgment was rendered upon the verdict in favor of the defendants.

It was made to appear by the evidence that some time before the mare in controversy was levied upon by the constable, the plaintiff was the owner in her own right of three

lots in Williams' addition to the city of Fort Wayne, upon one of which a dwelling-house was situate; that William F. Ray, the execution defendant, who was the husband of the plaintiff, being at the time considerably in debt, and sharply pressed by some of his creditors, induced the plaintiff to obtain a loan upon and to mortgage her lots above referred to for the sum of $3,500, and to permit him to have the use of the proceeds of such loan; that the said William F. Ray either used in the payment of his debts, or otherwise appropriated to his own use, all of such proceeds, except about the sum of $700; that, in consideration of the money thus obtained for him by the plaintiff, he, acting through a trustee, caused certain personal property in use upon a farm in Allen county, belonging to him, as well as an interest in the land constituting the farm, to be conveyed and transferred to her; that the mare in controversy was a part of the personal property so conveyed and transferred to the plaintiff; that the loan obtained by the plaintiff on her lots remained unpaid at the time of the trial.

There was also evidence tending to prove that William F. Ray claimed, and induced the plaintiff to believe, that the loan so obtained by her on her lots would enable him to pay his most pressing debts, and to thus tide over the emergency which had made it necessary for him to raise some money. There was also evidence tending to show that, at the time William F. Ray caused the mare and other property to be transferred to the plaintiff, he was the owner of property, consisting mostly of real estate, of the value of at least $18,000, and of probably more than $20,000. Some things were also brought out by the evidence, tending to show that, afterward, the said William F. Ray's pecuniary condition either became, or proved to be, very bad, and that some of his property at least had been sold away from him, under legal proceedings. But nothing was disclosed from which it could have been fairly inferred that, at the time of

the transfer of the mare and other property, he did not have sufficient property still remaining in his hands to pay all his debts. On the contrary, a summary of his indebtedness, as disclosed by the evidence, would indicate a very considerable excess of assets in his hands, over his liabilities, at the time of the transfer.

As to all the material matter brought out upon the trial, there was no conflict in the evidence. We are of the opinion that the verdict of the jury was not sustained by sufficient evidence.

The character of a sale or transfer of property must be judged of by the circumstances existing at the time, and not by subsequent events, having no actual connection with the transaction. *Sherman* - v. *Hogland*, 54 Ind. 578. We see no marks of fraud upon the face of the transaction by which the mare was transferred to the plaintiff, and no extraneous evidence was adduced from which a fraudulent intent, as to creditors, could have been reasonably inferred.

The judgment is reversed, with costs, and the cause remanded for a new trial.