No. 15,948.

## EWING v. SMITH.

REAL ESTATE.—*Conveyance of.*—*Want of Consideration.*—*Parol Evidence Admissible.*—When there is fraud or mistake in executing or securing the execution of a conveyance, for which no consideration is paid, parol evidence is admissible.

EVIDENCE.—*When Admissible to Show Fraud or Mistake.*—When the defendant answered by general denial, and also filed a cross-complaint, there was an issue formed under which evidence tending to prove fraud and mistake was admissible.

From the Cass Circuit Court.

*F. Ullman, J. C. Nelson,* and *Q. A. Myers,* for appellant.

*D. D. Dykeman, W. T. Wilson, G. C. Taber,* and *M. Winfield,* for appellee.

ELLIOTT, J.—The controlling questions which this record presents are settled against the appellants by the decision in the case of *Ewing* v. *Wilson, post,* p. 223, and with those questions the incidental ones were necessarily determined.

The trust deed upon which the appellants rely, and which confers the only shadow of title which they have, was fully considered in that case, and we adjudged that while its provisions were peculiar, it was on its face an effective conveyance, but we also adjudged that the question of whether there was fraud or mistake in executing it was a matter open to inquiry. We found in the course of our investigation of the authorities that many of them asserted that where it was proved that such an intrument was executed without consideration, the failure to insert a clause empowering the donor to revoke it would be attributed to mistake, but we did not find it necessary to go that far. We did, however, hold that the circumstances under which it was executed were such as to require the conclusion that it was executed

through fraud or mistake, and that in either event it was revoked by the deed executed by the grantee reconveying the property to the grantor.

There can be no doubt that where there is fraud or mistake in executing or securing the execution of a conveyance for which no consideration is paid, parol evidence is competent. In this case the character of the instrument, with very slight additional evidence, fully opened the way to the admission of conversations between the grantor and grantee. We think it very clear that there was no error in admitting parol evidence nor in refusing to instruct the jury that they could not regard such evidence.

The appellees claimed title by their cross complaint, and they also answered the appellant's complaint by a general denial. Under our decisions the appellees had a right to prove their title under their cross complaint, and under their answer of general denial to the appellant's complaint they were entitled to give in evidence all defences, legal or equitable. There can, therefore, be no doubt that there was an issue under which the evidence tending to prove fraud and mistake was admissible.

Judgment affirmed.

Filed May 23, 1892; petition for a rehearing overruled Sept. 17, 1892.