# RALPH *v.* GEORGE.

[No. 11,307.   Filed June 27, 1922.]

1.   TRUSTS.—*Validity.*—*Fraud.*—*Evidence.*—In an action for an accounting under an agreement, signed by defendant, which stated that he had purchased certain property for the payment of which plaintiff had advanced part of the money, for which she was to receive stock in a company to which defendant would transfer the property, but which stock was never issued to her, evidence *held* sufficient to sustain a con-

clusion that defendant was fraudulently induced to make the trust agreement, and that plaintiff acquired no rights thereunder. p. 493.

2. TRUSTS.— *Creation.—Validity. —Procuring Trust Agreement by Fraud.—Rights of Beneficiary.—*Although one making himself a trustee of a trust in favor of another by a written agreement cannot deny its validity, whether the agreement creates a trust is a question of fact for the trial court, and in determining that question the court is not bound by the recitals of the agreement alone, but may consider all the facts and circumstances surrounding its execution, and, if it finds that the agreement was procured by fraud, the beneficiary has no rights thereunder enforceable in an action based on the agreement. p. 494.

From Marion Probate Court (1,360); *Mahlon E. Bash,* Judge.

Action by Lenore Ralph against Monroe George. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*J. Olias Vanier* and *Edgar A. Brown,* for appellant.

*Means & Buenting,* for appellee.

BATMAN, C. J.—This is an action by which appellant seeks to have appellee account to her for the sum of $1,200, and the profits accrued thereon, by reason of the following instrument addressed to the former and signed by the latter:

"I have this day purchased the personal property including machinery and buildings, of the Decatur Ice Company, located at Vandyke and Wabash Railroad, Decatur, Illinois, pay therefore the sum of $4800.00, as shown by a bill of sale in my name, said money being furnished as follows: $1200.00 by yourself per Wm. E. Ralph, Agent, $3200.00 by the Vigo Ice & Cold Storage Company and $400.00 by myself. I promise as soon as the proposed Company is organized to take over the above property, to transfer, and now order my successors, heirs and assigns to transfer, the title in and to the said property, and also interest in a lease on the ground occupied by said building, to said Company, for which I am to receive stock which I shall cause, and

hereby promise and agree to cause to be issued as follows: 40/60 of said issue of stock to the Vigo Ice & Cold Storage Co., 14/60 of said issue of stock to Mrs. William E. Ralph and 6/60 to myself. All of the foregoing promised to be carried out by me in the fulfillment of a trust imposed in me, by yourself and the Vigo Ice and Cold Storage Co."

After the formation of issues, the cause was submitted to the court for trial, resulting in a judgment in favor of appellee. Appellant filed a motion for a new trial, which was overruled, and this action of the court constitutes the only error assigned on appeal.

One of the reasons on which appellant bases her motion for a new trial is, that the decision of the court is not sustained by sufficient evidence. While the uncontradicted evidence shows that appellant never received the stock mentioned in said agreement, and that appellee had never accounted to her for said sum of $1,200, or any profits thereon, there is evidence from which the court may have concluded, that appellant never furnished said sum, or any amount, in payment of the purchase price of the property described therein, but that the other parties mentioned in said agreement furnished all of the money paid therefor; and that appellee was induced to make said agreement by the fraudulent representations of appellant's agent, who secured its execution. In support of this statement we cite the evidence which tends to prove, that one William E. Ralph was the husband of appellant, and represented her in the transactions involved in said agreement; that he had the property mentioned therein for sale, and induced appellee to purchase the same, with the understanding that the purchase price would be $4,800, of which amount appellant would furnish $1,200, and appellee and the Vigo Ice and Cold Storage Company should furnish the remainder; that appellant drew a check for $1,200, which was delivered to the

owner of the property at the time the remaining parties paid the sum of $3,600 on the purchase price; that said check was never cashed, but was returned to appellant by the owner of said property, marked "cancelled," and never formed any part of the consideration for the transfer of the property to appellee; that the $3,600 paid by appellee and said company constitute the sole consideration for said property, and that the issuance and delivery of said $1,200 check was a mere camouflage, used to deceive appellee as to the real purchase price thereof, in order to obtain the agreement in suit. It is clearly apparent that if such be the facts, and the court may have so believed, that appellant acquired no enforceable right under said agreement by reason of the issuance and delivery of said check. Appellant does not contend that appellee intended to create a trust in her favor as a gift, but appears to rely on the fact that her husband was entitled to a commission for making a sale of said property to appellee, and seeks to have this serve as the consideration for the promise on the part of appellee in her favor, as set out in the agreement. A careful examination of the record fails to disclose any evidence of such a conclusive character, as to require us to hold on appeal, that appellant acquired any rights under said agreement by reason of anything due her husband, as a commission for making a sale of the property to appellee.

Appellant asserts, in effect, that appellee, having made himself the trustee of a trust in her favor, by executing the agreement in suit, cannot deny its validity, 2. and cites *Brunson* v. *Henry* (1894), 140 Ind. 455, 39 N. E. 256, wherein it is said: "The rule is elementary that a trust once created and accepted cannot be altered or changed, either by the donor or trustee, without the consent of the beneficiary." If it could be said that the execution of the agreement in suit created

a trust in appellant's favor, there would be merit in her contention. Whether this was done is a question of fact which the trial court had to decide. In reaching a conclusion, it was not bound by the recitals of the agreement alone, but necessarily considered all the facts and circumstances in evidence bearing on its execution, and may have concluded that it was procured through fraud, which vitiates everything. In the case of *Ewing* v. *Wilson* (1892), 132 Ind. 223, 31 N. E. 64, 19 L. R. A. 767, the court said: "It is a fundamental principle, worthy of the rank of a maxim, that what fraud creates equity will destroy." Applying this principle to the instant case, it is apparent that if the court found that fraud procured the execution of the agreement in suit, it was forced to hold that equity destroyed it, and left appellant without any foundation for her action. See also the following as to the effect of fraud in the creation of a trust. ·39 Cyc 90-92; *Ewing* v. *Jones* (1892), 130 Ind. 247; *Hunt* v. *Danforth* (1857), 12 Fed. Cas. 912 (No. 6,888) ; *Coyne* v. *Jones* (1920), 114 Atl. (Del.) 162.

The only other reason for a new trial contained in appellant's motion therefor is, that the decision of the court is contrary to law, but no question is presented in that regard which requires our consideration.

Judgment affirmed.