WEBSTER v. WEBSTER, ADMINISTRATRIX, ETC.

[No. 19,808. Filed September 12, 1962. Rehearing denied October 3, 1962. Transfer denied July 3, 1963.]

*Frank A. Webster,* of Madison, for appellant.

*Clayton Bond, Bossert & Toney, James S. Shepard,* of Liberty, *R. Stanley Lawton, George B. Gavit* and *Ross, McCord, Ice & Miller,* of counsel, all of Indianapolis, for appellee.

KELLEY, C. J.—Appellant instituted action against appellee asserting an interest in certain described real estate in Union County, Indiana, in the possession of appellee as "personal representative" of the estate of Ray D. Webster, deceased, allegedly arising out of an "oral promise" made for appellant's benefit by the latter's uncle, the decedent, Ray D. Webster, to appellant's father, Harry G. Webster, as part consideration for a deed, absolute on its face, from said Harry G. Webster and his wife to said Ray D. Webster. Appellant's complaint avers that the said Ray D. Webster orally "promised" that he would "hold the home place" for appellant but that he "failed" to so do. Appellant asserts that he brought the action "pursuant to §7-821, Burns' ISA, Vol. 3, 1953 Replacement."

The issues made were tried to the court and resulted in a finding and judgment adverse to appellant and that he take nothing by his complaint.

The court overruled appellant's motion for a new trial and the latter by his appeal seeks a reversal of said judgment. Said motion for a new trial, as the same is set forth in appellant's brief, contains but two specifications: 1) That the decision is contrary to law, and 2) that "there was insufficient evidence for decision."

It is apparent at once that if said second specification be taken literally, as it is worded, appellant must

fail in this appeal since he undertook and held the burden of proof and if the evidence was insufficient to support a decision by the court, as stated in the brief, then no decision by the trial court against appellant could have been contrary to law. However, for the present purpose, we may observe that as appellant bore the burden of proof, said second specification is unavailing to him and any error he may assert must reside in the said first specification that the decision is contrary to law. The determination of that issue requires a consideration of the evidence.

In this regard we now have before us a motion by appellee to dismiss this appeal or affirm the judgment appealed from. This motion is predicated upon the grounds that the transcript has not been properly certified to by the Clerk of the Union Circuit Court in that, the certificate signed by the Clerk is placed in the transcript at page 38 thereof instead of at the end of the transcript; that the certificate is not dated; that the certificate states that "the above and foregoing bill of exceptions" was filed with the Clerk on January 6, 1962 whereas there is no bill of exceptions preceding the certificate; that the transcript contains a bill of exceptions of some of the evidence which was not presented to the court for settlement until April 14, 1962 (over three months after the filing date shown by said certificate); that the transcript does not contain marginal notations on each page thereof as required by Rule 2-5; and that the transcript is not properly indexed as required by Rule 2-5.

Said motion to dismiss or affirm was filed on July 18, 1962, together with an affidavit of one of appellee's attorneys that copies of said motion and appellee's brief in support thereof were served on appellant prior to the filing thereof. Appellant has made no response

to said motion nor has he taken any steps or action seeking to explain or correct the said asserted deficiencies of the transcript.

An examination of the transcript discloses the following (parenthesized figures refer to pages of the transcript) : The judgment was rendered on October 17, 1961. A motion for new trial was filed November 6, 1961 and overruled the same day. On December 8, 1961 appellant filed with the Clerk his praecipe in two parts, numbered one and two (26). The first praecipe requested the Clerk to prepare and certify "a complete transcript" containing "all the evidence of record." The second praecipe set forth twelve listed items for certification by the Clerk, including the testimony of certain named witnesses as to certain designated subject, and certain referred to documents (28). On December 18, 1961 appellant filed what is referred to as his "amended" praecipe (29). This amended praecipe called for "all orders, appearances, pleadings, motions and judgments as finally amended"; *all* the testimony of four named witnesses; deeds of the real estate "admitted into evidence"; tax schedules admitted into evidence "to show the heirs"; and the praecipe. Then on February 28, 1962, appellant filed with the Clerk "his amended praecipe herein." (31). This last amended praecipe called for certification of a complete transcript, "containing all the evidence of record (that part not already prepared)."

On January 6, 1962 appellant filed (34) with the Clerk his "notice of appear" which stated that "You are hereby notified that on the 6th day of November, 1961, the plaintiff . . . filed his motion for a new trial." (35). On the same day appellant filed his "Assignment of Errors" with the clerk of the trial court.

On page (36) of the transcript is an entry that "And now the plaintiff files his bills of exceptions, the same being in words and figures following to-wit:". On the next page (37) appears a certificate of the Judge of the Union Circuit Court under date of January 6, 1962, setting forth that on said date appellant presented to said Judge Bill of Exceptions No. 1, containing a "portion" of the evidence in said cause; that the Bill of Exceptions presented is a "portion" of the evidence requested by appellant, "but that it is not all of the evidence" introduced; that said Bill of Exceptions "is now, here, on this the 6th day of January, 1962 settled, approved, signed" and the clerk of said court is ordered to file same as a "part" of the record in said cause and the same is "now" filed with the clerk and made a part of the record. (37).

On the next following page (38) is the Clerk's Certificate (and the only clerk's certificate found in the transcript) that "the above and foregoing transcript contains full, true and correct copies, or the originals, of all papers and entries in said cause required by the above and foregoing praecipe (s);" that the "above and foregoing" bill of exceptions was filed with the clerk on the 6th day of January, 1962. Next following said Clerk's Certificate is a bill of exceptions of a "part" of the evidence which covers pages (39) to (131) inclusive.

On page (132) is a certificate of the reporter that she had correctly transcribed "only a part of my said notes" of the evidence requested and "limited" by the appellant; that the foregoing manuscript "does not contain all of the evidence" introduced but "only a part of said evidence"; that the foregoing manuscript contains a transcript of the evidence given by some, "but not all of the witnesses testifying for the petitioner" and "the same does not contain the evidence given by any

witnesses for the defendants"; that the foregoing manuscript is a complete transcript of the evidence "given by Harry Webster, Joseph Ryan, Lawrence Huntington, and Willard Sheckles" and a transcript of "Petitioner's Exhibits No. 1, No. 2, No. 3, No. 4, No. 5, and Petitioner's Exhibit No. 6, which was offered but not admitted into evidence, and of Defendants' Exhibit 'A' but is not all of the evidence given in said cause, documentary or oral."

The next page (134) shows a Bill of Exceptions containing a "part" of the evidence, except "that portion of said evidence heretofore certified on January 6, 1962 as being a portion of the evidence given in said cause." This evidence consumes pages (136) to (247), inclusive. Immediately (248) following said last mentioned transcript of the evidence is another certificate of the court reporter under date of April 14, 1962, certifying that said evidence and the evidence certified by her on January 6, 1962 constitute all of the evidence given in said cause. The last entry in the transcript, except itemized statement as to paid costs, is the settlement by the Judge of Bill of Exceptions No. 2 on April 14, 1962 and certifying that it is "now" filed with said clerk and made a part of the record. It is also stated in said certificate that "this Bill of Exceptions No. 2, together with the Bill of Exceptions No. 1 heretofore filed in this cause, taken together constitute all of the evidence both oral and documentary introduced in the trial of this cause."

The said Clerk's Certificate (38) is the only certificate of the Clerk in the transcript. This certificate precedes the Bill of Exceptions No. 1. No Bill of Exceptions precedes said Clerk's Certificate although the Clerk states that the "foregoing" bill of exceptions was filed with her on January 6, 1962. Nowhere in the transcript is there any certificate of the Clerk as to the

complete transcript or that said Bill of Exceptions No. 2 was filed with her.

It follows that even indulging the greatest possible liberality in consideration of the question, we are presented with a transcript which is wholly unauthenticated and a large part of the evidence, referred to as Bill of Exceptions No. 2, is without any certificate of the Clerk at all and is not shown by either a Certificate of the Clerk or by a record entry to have been filed with the Clerk after settlement by the Judge. In fact, under all the authorities we have been able to find in this state, the evidence found in said Bill of Exceptions No. 1 is not in the record, either. See *Clamme, etc.* v. *Hutcherson, etc.* (1940), 108 Ind. App. 384, 386, 387, 29 N. E. 2d 320; *Edwards* v. *Evansville City Coach Lines, Inc.* (1956), 126 Ind. App. 342, and cases cited, 133 N. E. 2d 88; *Murphy et al.* v. *Hendrick* (1959), (Transfer denied), 129 Ind. App. 655, and authorities cited, 157 N. E. 2d 306; *Pintozzi et al.* v. *Small et al.* (1959) (Transfer denied), 130 Ind. App. 570, 159 N. E. 2d 142, rehearing denied, 161 N. E. 2d 380; *Diane Company, Inc., etc. et al.* v. *Beebe* (1960), 131 Ind. App. 161, 165, 166, 167 and cases cited, 169 N. E. 2d 542. See, also, I. L. Ency., *Appeals,* Vol. 2, §§315 and 316, pages 140 to 144, incl.

The evidence not being before us, no question is presented to this court under appellant's single available specification that the decision is contrary to law. The judgment, therefore, must be affirmed.

Judgment affirmed.

NOTE.—Reported in 184 N. E. 2d 897.