James CAPORALE, et al.,
Plaintiffs-Appellants,

v.

MAR LES, INC., an Illinois Corporation,
Defendant-Appellee.

No. 79–2152.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 19, 1980.

Decided March 16, 1981.*

Opinion Aug. 4, 1981.

Marc M. Pekay, Chicago, Ill., for plaintiffs-appellants.

Karen Gatsis Anderson, Chicago, Ill., for defendant-appellee.

Before FAIRCHILD, Chief Judge, SWYGERT, Circuit Judge, and CAMPBELL,** Senior District Judge.

WILLIAM J. CAMPBELL, Senior District Judge.

Plaintiffs, Trustees of the Pension Fund of the Construction and General Laborers District Council of Chicago and Vicinity and the Laborers Welfare Fund of the Health and Welfare Department of the Construction and General Laborers District Council of Chicago and Vicinity (The Funds),

---

* This appeal was originally decided by unreported order on March 16, 1981. See Circuit Rule 35. The Court has subsequently decided to issue the decision as an opinion.

** The Honorable William J. Campbell, Senior District Judge of the Northern District of Illinois, is sitting by designation.

brought this action to recover fringe benefit contributions allegedly owed by defendant. Jurisdiction is predicated on Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, which permits Federal Courts to hear breach of contract claims between employers and labor organizations.

Plaintiffs claimed that the defendant failed to make contributions allegedly due the funds pursuant to a collective bargaining agreement between the parties. The period for which contributions were allegedly due is March 1974 through the time of filing suit in March of 1977. Defendant denied that it entered into any such agreement and denied that any contributions were due the Fund.

In March 1979 a bench trial was held before Judge Marshall. At the conclusion of the trial, the district court found for the defendants on the question of liability, on the theory that no contract was entered into between the parties. On August 29, 1979 the District Court entered formal Findings of Fact and Conclusions of Law, and Judgment in favor of defendant Mar Les, Inc. We affirm.

From 1968 until March of 1974 Mar Les Concrete was operated as a sole proprietorship by Leslie and Marlene Dominick. Mar Les, Inc. and its predecessor sole proprietorship have engaged in concrete construction work, primarily residential foundations, driveways, porches and sidewalks. Leslie Dominick is the president and sole stockholder of the corporation. During peak periods Mar Les, Inc. employed as many as ten laborers. Between 1970 and 1978 only two of its employees joined a Labor Union. It was apparently a desire to obtain union benefits for one of those employees, Cliff Boyd, that prompted the Dominicks to sign the two memoranda of understanding which plaintiffs claim gave rise to the obligation to make contributions to the Funds.

It is undisputed that defendants never signed a collective bargaining agreement with a Labor Union. Defendant's obligations, if any, to the Funds arose as a result of the signing of two memoranda of understanding. These memoranda were dated June 1, 1970 and June 1, 1971, although Judge Marshall found that the plaintiffs had failed to establish the authenticity of those dates. The memoranda were both three paragraphs in length and contain identical language. The memoranda provide that the employer recognizes the Union as the sole bargaining agent for all laborers employed by the Employer; that certain collective bargaining agreements are incorporated by reference and that the employer agrees to be bound by those agreements; and that the employer agrees to pay amounts set forth in the collective bargaining agreements to the Funds. The memoranda were sent unsigned to the defendant's office. Marlene Dominick signed them and returned them to the Plaintiff where the trustees signed the documents and placed them in the Funds' files. Executed copies were never sent to Mar Les, nor were copies of the collective bargaining agreement ever provided to the defendant.

The collective bargaining agreement referred to in the memoranda of understanding was a lengthy contract between the Construction and General Laborers Union and seven Chicago area contractors' associations. The agreement provided that it would remain in full force and effect until 12:01 a.m., June 1, 1972. The collective bargaining agreement set forth the terms of employment for union laborers in all aspects of the building trade. It set standards for wages, hours, days off and contribution to health and welfare, and to pension funds. A copy of the agreement was received in evidence, and is part of the record in this proceeding.

The memoranda of understanding signed by the parties also made reference to "Agreements and Declaration of Trust" establishing the employee trust funds. The agreements provided that the employer would be "bound by and considered a party to" those trust agreements. The actual trust agreements, however, were never delivered to the defendant nor introduced at trial. Thus, they are not part of the record on appeal.

The collective bargaining agreement between the Laborers' Union and the seven Chicago area contractor associations expired, by its own terms, on June 1, 1972. On August 10, 1972, the parties entered into an agreement extending the terms of the collective bargaining agreement until June 1, 1973 and amending the specific wage provisions contained in the prior agreement. The defendant was not a party to that agreement and never received a copy of the agreement.

From July 1969 through October 1971, Mrs. Dominick submitted regular reports together with contributions to the Funds on behalf of the one union employee, Cliff Boyd. Mr. Boyd ceased working for plaintiff in October of 1971. Mrs. Dominick submitted forms reflecting "none employed" until February 1972 indicating there were no union employees at that time. No forms were submitted to the Funds after February 1972.

At no time did the parties act in a manner consistent with the collective bargaining agreement other than the contributions on behalf of Mr. Boyd. The union never demanded that defendant post bonds required under the collective bargaining agreement. Mar Les did not utilize the union hiring hall as required under the collective bargaining agreement. Mar Les employed casual laborers with no union affiliation and no complaint was ever made by the union. A shop steward was never appointed, nor did any representative of the union even discuss defendant's obligations under the collective bargaining agreement.

The union entered into further agreements with the contractor associations extending the collective bargaining agreement, and further memoranda of understanding with various construction firms in the Chicago area. After 1971 no memoranda of understanding were ever sent to the defendant nor were any contracts extending the collective bargaining agreements ever sent to the defendant.

Appellee, Mar Les, Inc., contends that the clearly erroneous standard of Rule 52(a) is the appropriate standard of review. Clearly, the Rule provides that a District Court's findings of fact are only to be overturned if clearly erroneous. However, conclusions of law, such as the determination that no contract ever came into being, are not subject to any such limitation on appeal. *See* 9 Wright & Miller § 2588, p. 750.

The appellants argue that the District Court erred in concluding that no contract arose by considering the subjective intent of the parties. It is the objective intent which controls, they argue, and an objective intent to enter into a contract is evidenced by Mrs. Dominick's signature on two memoranda of understanding.

■ It is long settled law that mutual assent is the first requisite to formation of a contract. *See* L. Simpson § 9 (2nd Ed. 1965). It is generally the objective manifestation of intent which controls. It is only when there are no objective indicia of intent, or the subject matter of the bargain is described in ambiguous terms that the court must look to the subjective intent of the parties. We believe appellants incorrectly characterized Judge Marshall's analysis as exclusively one of subjective intent. The Court listed several factors upon which he relied in reaching his conclusion: the plaintiff's inability to establish the date the alleged contract came into being; the failure to deliver to defendant the documents incorporated by reference in the memoranda; and the failure to conform their conduct to terms of the collective bargaining agreement.[1] Indeed, Judge Marshall specifically referred to "the plaintiff's objective conduct" in discussing this last factor.[2] These actions are objective manifestations of the intent of the parties.

We perceive the issue in essentially the same light as the District Court. While the parties may have signed an "agreement," that does not resolve the issue of whether a valid, enforceable contract arose. We be-

---

1. Transcript of Proceedings before Judge Marshall, March 9, 1979 at pp. 4–7.

2. *Id.* at 7.

lieve Judge Marshall correctly concluded that no contract came into being.

The third paragraph of each of the agreements provides:

The employer agrees to pay the amounts which (he) (it) it bound to pay under the Collective Bargaining Agreements ...

Unfortunately, the terms of that obligation were never spelled out. Mrs. Dominick testified that it was her understanding that the agreements pertained only to the one union employee, Cliff Boyd. While the collective bargaining agreement set forth a schedule of contributions for all employees, it was never delivered to the defendant, and neither party acted in conformity with that agreement.

 In order to establish a contract the promised performance must be stated with reasonable certainty. *Royall v. Chicago Streamlite Corporation,* 178 F.2d 81, 83 (7th Cir. 1949). If the terms of the contract are not reasonably certain at the time the agreement is signed, no contract is created. *Premier Electrical Construction Co. v. Miller-Davis Co.,* 291 F.Supp. 295, 300 (N.D.Ill. 1968). In the instant case the terms of the agreement were not spelled out, either verbally or in writing, at the time the agreements were signed. No collective bargaining agreement or trust agreement was ever delivered to the defendant. While the agreement may have created some limited contractual relationship between the parties, it did not bind the defendant to a collective bargaining agreement that was never conveyed to the defendant. There was never mutual assent to the terms sought by the plaintiffs. We believe Judge Marshall correctly concluded, based on objective criteria, that there was no mutual assent to the terms of the collective bargaining agreement.

While our conclusion that no contract came into being effectively resolves this case, we cannot avoid noting that even if the memoranda did bind the parties to the collective bargaining agreement, it would have expired by its own terms on June 1, 1972. The agreement purports to incorporate the "current" collective bargaining agreement. That agreement contains an expiration date of June 1, 1972 with no provision for extension. Since plaintiffs are seeking benefits for a period starting in 1974, the collective bargaining agreement, by its own terms, would be inapplicable.

The judgment of the District Court is AFFIRMED.